Scott K. Winikow, Esq.
DONOVAN HATEM LLP
112 W. 34th Street, 18th Floor
New York, New York 10120
Telephone: (646) 346-1257
Telecopier: (212) 244.5697 (fax)
E-Mail: swinikow@donovanhatem.com
*Attorneys for Plaintiffs*
*Orissa Holding, LLC and Ground Management Holdings, LLC*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORISSA HOLDINGS, LLC; GROUND MANAGEMENT HOLDINGS, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> GLOBAL GROUND AUTOMATION, INC.; DEEM, INC. <br><br> *Defendants*. | Civil Action No. <br><br> PLAINTIFFS' ORISSA HOLDING, LLC and GROUND MANAGEMENT HOLDINGS, LLC's COMPLAINT AND JURY DEMAND <br><br> (JURY TRIAL DEMANDED) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiffs Orissa Holdings, LLC and Ground Management Holdings, LLC, (collectively Plaintiffs) file this complaint for declaratory judgment of no infringement of U.S. Patent 5,953,706 ("the '706 patent") and invalidity of the claims of '706 Patent against Defendants Global Ground Automation, Inc. ("GGA") and Deem, Inc. (collectively, Defendants) and avers as follows:

**NATURE OF THE SUIT**

1. This is a claim for declaratory judgment arising under the patent laws of the United States, Title 35 of the United States Code.

1

## PARTIES

2. Plaintiff Orissa Holdings, LLC has its principal place of business located at 1 Kalisa Way, Suite 310, Paramus, New Jersey 07652.

3. Plaintiff Ground Management Holdings, LLC ("GMH") has its principal place of business located at 1 Kalisa Way, Suite 310, Paramus, New Jersey 07652.

4. Defendant Deem, Inc. has its corporate headquarters in 301 Howard Street, San Francisco, California 94105.

5. Defendant Global Ground Automation, Inc. ("GGA") is a Delaware corporation with its principal place of business located at 401 Hackensack Avenue, 4th Floor, Hackensack, New Jersey 07601.  GGA is a wholly owned subsidiary of Deem, Inc.

## JURISDICTION AND VENUE

6. This lawsuit is a civil action regarding allegations of patent infringement and patent invalidity arising under the patent laws of the United States, Title 35 of the United States Code, in which Plaintiffs seek declaratory relief under the Declaratory Judgment Act. Thus, the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ l331, 1338, 2201, and 2202.

7. A ripe case and controversy exists between the parties. On Christmas Eve 2014, Defendants requested a Court in the Eastern District of Texas to enforce a judgment of a prior company against Plaintiffs in a patent infringement case where the same court previously refused to allow Plaintiffs to intervene almost four (4) years ago.  To be clear, the Plaintiffs in this action were not Defendants in the Eastern District of Texas matter, but attempted to intervene, unsuccessfully to protect their interests.

8. The Court has personal jurisdiction over Defendants for at least four reasons: (1) Defendants have committed acts that has caused economic injury to Plaintiffs' whose principle place of business and headquarters are located in New Jersey; (2) Defendant GGA has its principle place of business in New Jersey; (3) Defendants regularly do business or solicit business in the District; (4) Defendants engage in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals and companies in the District; and (5) Defendants have purposefully established substantial, systematic, and continuous contacts with the District and should reasonably expect to be hauled into court here. Thus, the Court's exercise of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this judicial district under 28 U.S.C. §§1391(b)–(c) and 1400(b) because Defendants do business in the State of New Jersey, Defendant GGA has an office in this District; Defendants have committed acts of infringement in the District, a substantial part of the events or omissions giving rise to Defendants' claims happened in the District, and Defendants are subject to personal jurisdiction in the District.

**FIRST CAUSE OF ACTION**
(Declaratory Judgment of Non-Infringement of the '706 Patent)

10. Plaintiffs incorporate by reference proceeding paragraphs of this Complaint.

11. Plaintiffs have not and are not infringing any claims of the '706 patent and are not liable for any infringement of the '706 patent.

12. An actual controversy exists between Plaintiffs on the one hand, and Defendants on the other, as to whether Plaintiffs infringe '706 patent.

13. Accordingly, Plaintiffs seek a judgment declaring that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '706 patent.

## SECOND CAUSE OF ACTION
(Declaratory Judgment of Invalidity of the '706 Patent)

14. Plaintiffs incorporate by reference proceeding paragraphs of this Complaint.

15. Defendants assert Plaintiffs have infringed one or more claims of the '706 patent.

16. One or more claims of the '706 patent are invalid for failure to meet one or more of the conditions for patentability specified in Title 35 of U.S.C., or the rules, regulations, and law related thereto, including, without limitation, in 35 U.S.C. §§ 101, 102, 103, 112.

17. An actual controversy exists between Plaintiffs on the one hand, and Defendants on the other, as to whether the '706 patent is valid.

18. Plaintiff seeks a judgment declaring that one or more claims of the '706 patent are invalid for failure to comply with 35 U.S.C. §§ 101, 102, 103, 112.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs pray for a declaratory judgment against Defendant as follows:

(a) Judgment against Defendants declaring the '706 patent is not infringed by Plaintiffs;

(b) Judgment against Defendants declaring one or more claims of the '706 patent invalid;

(c) A declaration that Plaintiffs' claims present an exceptional case entitling them to an award of costs to Plaintiffs; and

(d) Award to Plaintiffs such other relief as the Court deems just and reasonable.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a jury trial as to all matters triable of right by a jury.

                Respectfully submitted,

                DONOVAN HATEM LLP

                By**:** /s/ Scott K. Winikow
                Scott K. Winikow (SKW 5854)
                112 W. 34th Street, 18th Floor
                New York, New York  10120
                Telephone:. (646) 346-1257
                Telecopier: (212) 244-3333 (fax)
                E-Mail: swinikow@donovanhatem.com
                *Attorneys for Plaintiffs*
                *Orissa Holdings, LLC and Ground*
                  *Management Holdings, LLC*

Dated:  January 2, 2015